UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SENAH, INC.,

    Plaintiff,

v.

AVIC FORSTAR S&T CO., LTD.,

    Defendant.

Case No. 16-cv-07053-RS

**ORDER RE REPORT AND RECOMMENDATION**

## I. INTRODUCTION

On February 18, 2019, plaintiff Senah, Inc., filed a motion for default judgment against Defendant AVIC Forstar S&T Co. ("AVIC") seeking unpaid commission fees, interest, and attorneys' fees in the amount of $180,104,603. After holding a hearing on this motion and requesting two rounds of supplemental briefing, the Magistrate Judge assigned to the case issued a report and recommendation that the default judgment be entered, but that Senah's recovery be limited to attorneys' fees and litigation costs. Senah objected to that limitation on the recovery requested. For the reasons set forth below, the Magistrate Judge's recommendation that default judgment be entered but that recovery be limited to attorneys' fees is adopted.

## II. LEGAL STANDARD

Review of a magistrate judge's report and recommendation regarding a dispositive motion is governed by Federal Rule of Civil Procedure ("Rule") 72(b) and Civil Local Rule 72-3. "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P.

72(b)(2). The district court must then make a de novo decision with respect to any part of the report and recommendation to which that party objects. *Id.* 72(b)(3). Courts in the Northern District of California generally recognize a motion for default judgment as a dispositive motion. *See, e.g.*, *Livingston v. Art.com, Inc.*, No. 13-cv-03748-CRB, 2015 WL 4307808, at *2 (N.D. Cal. July 15, 2015); *Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*, 225 F.R.D. 247, 250 (N.D. Cal. 2003). Accordingly, the present report and recommendation will be subject to de novo review.

## III. DISCUSSION

Senah raises several objections the Magistrate Judges report and recommendation. These objections can be distilled down to two key arguments: (1) that the Magistrate Judged erred in finding the requested commission fees (and therefore also the requested prejudgment interest) were too speculative and (2) that the Magistrate Judge erred in finding there was insufficient evidence of willfulness to support an award of treble damages under California Civil Code § 1738.15.[1] Both arguments are unpersuasive.

### A. Commission Fees and Associated Prejudgment Interest

Senah requested a total of $58 million in commission fees: $29 million for fees from 2015 to the present and another $29 million for future "procuring cause" commissions.[2] Mot. Default J. 17-18. These figures were calculated using a 20% commission rate. The Magistrate Judge rejected these estimated commission fees on several grounds. First, the Magistrate Judge found there were inconsistencies in the contract regarding the appropriate commission rate for Senah's services under the operative August 2004 contract. Indeed, Donald Hanes, the sole shareholder and CEO of Senah, testified that the 20% commission on sales within Senah's sales territory "was omitted from the contract by oversight." Hanes Decl. (Dkt. 47, Ex. 2).

Senah disputes this finding and contends that a 20% commission rate for all sales was

---

[1] Senah also, oddly, objects to the Magistrate Judge's "Failure To Advise As To Consequences Of Failure To Timely Object" even though Senah filed a timely objection. Objection 2.

[2] Senah estimated its past and future commission fees at $52.9 million and $50.5 million respectively, but voluntarily capped each of these requests at $29 million apiece.

established by several pieces of evidence in the record. First, the August 2004 contract explicitly states that sales *outside* of Senah's territory were subject to a 20% commission. August 2004 Contract § 6.22 (Dtk. 1, Ex. 4). Senah also points to an email from Hanes in December 2010 in which he appears to acknowledges a 5% interest rate for sales originating in China, but states that the rate will adjust back to 20% if AVIC fails to perform under the agreement. December Email (Dkt. 64, Ex. 4). Then, in January 2013, Hanes emailed AVIC regarding cancellation of a modification to the August 2004 contract stating that, if the cancellation proceeded, the commission rate for all sales would revert to 20%. (Dkt. 2, Ex. 4). Finally, on February 20, 2013, in what appears to be a separate exchange, AVIC emailed Hanes with a calculation that provided Senah with a 20% commission for sales in its territory. February Email (Dkt. 2, Ex. 5).

Rather than undermine the Magistrate Judge's findings, the documents discussed above support his conclusion that there is conflicting evidence regarding the proper commission fee, at least with respect to sales within Senah's territory. Indeed, the applicable commission fee appears to be frequently in flux and to vary based on various factors, including which individual was responsible for the sale. Accordingly, the Magistrate Judge did not err in declining to accept damages based on a 20% commission fee for all sales. Nor did he err in rejecting the requested prejudgment interest amount, given that this amount derives from the commission fee award.

The Magistrate Judge also rejected the requested commission fees because portions of key materials submitted by Senah were not fully translated to English. To the extent these documents were translated, the translation was done using computer software, with the assistance of Hanes' officer manager who is a native speaker of Mandarin. Senah responds by asserting that the office manager correctly translated the symbols for "operating income." Dr. Ochynski then used the operating income figures to calculate Senah's commission using a 20% commission fee and converted the fee from Renminbi ("RMB") to U.S. dollars.[3] The Magistrate Judge's concern about

---

[3] The Magistrate Judge declined to credit Hanes' currency conversions from RMB to U.S. dollars on the grounds that Senah did not provide any means for the Magistrate Judge to verify the accuracy of these conversions. Senah responds that the currency conversions are reliable because they were undertaken by plaintiff's expert Dr. Walter Ochynski. Moreover, even if the Court declines to rely on Dr. Ochynski's report, it can simply take judicial notice of the exchange rates listed on the Federal Reserve's website. *Krystal Inc. v. China United Transp., Inc.*, No. 16-cv-

this limited, unofficial translation was well-founded. For this reason as well, the Magistrate Judge did not err in denying the requested commission fees. In sum, the Magistrate Judge correctly found that Senah's calculation of commission fees was too tenuous and required an unreasonable degree of speculation.[4]

### B. Treble Damages Under Section 1738.15

In addition to rejecting Senah's request for commission fees and prejudgment interest, the Magistrate Judge denied the company's request for treble damages under California Civil Code § 1738.15. This section provides for treble damages only where the defendant "willfully fails to pay commissions as provided in the written contract." Cal. Civ. Code § 1738.15. While Senah argues this denial was error, the only support it can muster for this argument is the conclusory assertion that AVIC "was aware of its obligation to pay said commissions, having negotiated and executed all contracts and contract modifications under which commissions were payable and having knowledge that said contracts were not terminated." Objection 10. This conclusory statement, without additional supporting evidence, is insufficient to establish willfulness. Accordingly, the Magistrate Judge did not err in denying treble damages.

## IV. CONCLUSION

For the reasons set forth above, the Magistrate Judge's recommendation that default judgment be granted but that recovery be limited to attorneys' fees and litigation costs is adopted. Accordingly, judgment will be entered in favor of Senah in the amount of $35,995.00.

---

02406 RSWL, 2017 WL 4339343, at *2 (C.D. Cal. Sept. 26, 2017). Judicial notice is granted with respect to the conversion rate between RMB and U.S. dollars as published on the Federal Reserve's website. Based on these published exchange rates, Senah appears to have relied on the correct exchange rates in calculating the commission owed on past sales. Accordingly, this reason for rejecting the proposed commission fees is not adopted.

[4] The Magistrate Judge also declined to rely on Dr. Ochynski's projection of future commission fees on the grounds that Senah failed to provide either his credentials as an expert or a statement attesting to the truthfulness of his report under penalty of perjury. Although Senah contends Dr. Ochynski's credentials were included in its earlier filings, it provided an updated copy of his CV, as well as a declaration by Dr. Ochynski endorsing his expert report under penalty of perjury, along with its objections. Upon review of these documents, Dr. Ochynski appears to be qualified.

CASE NO. 16-cv-07053-RS
4

**IT IS SO ORDERED**.

Dated: August 1, 2019

_____
RICHARD SEEBORG
United States District Judge